## SUCCESSION OF T. F. MINVIELLE.

Where a tableau of distribution, filed by the executor, has been advertised and published in the manner required by law, after the expiration of the delay given by such notice, if no opposition be made the law makes it the duty of the Judge to grant an order authorizing the executor to pay the creditors according to his tableau.

If, at the expiration of the legal delay, the tableau is homologated, except so far as opposed, those creditors whose claims are not contested have a right to immediate payment, without waiting for the delay for a suspensive appeal from the judgment of homologation.

The executor is bound for five per cent. interest on the dividends allowed by the tableau to the creditors whose claims are not opposed, from the date of the service of a rule on him to coerce payment.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*H. Griffon*, for appellants on rule.    *C. Dufour*, for defendant and appellee.

VOORHIES, J. This is an appeal from a judgment dismissing a rule taken on the dative testamentary executor by several of the creditors of the succession.

The appellants were classed as ordinary creditors on the provisional tableau of distribution, filed in this case on the 13th of February, 1856, for their respective claims amounting in the aggregate to the sum of $12,282 53.

Oppositions were made to several of the claims on the tableau, but to none of those of the appellants. The tableau, so far as not opposed, was duly homologated on the 26th of February, 1856, giving to the ordinary creditors a dividend of sixty-one per cent. But, on retaining a sum sufficient to pay certain claims in contestation, it would seem that the dividends had to be reduced, making it about fifty-seven per cent.

There was no appeal taken from the judgment thus homologating the provisional tableau.

On the refusal of the executor to pay them their respective shares in the surplus to be thus distributed among the ordinary creditors, the appellants took a rule upon him on the 29th of April, 1856, to show cause why he should not be compelled to do so.

The executor filed an answer to the rule on the 12th of May, 1856, alleging, as grounds for his refusal, that the delay for a suspensive appeal from the judgment of homologation had not then expired, so as to authorize such distribution or payment.

We consider the grounds taken by the executor to be untenable. On filing a statement or tableau of distribution by an executor, public notice thereof is required to be advertised and published in the manner prescribed under the provisions of Article 1172 of the Civil Code. After the expiration of the delay given by such notice, if no opposition be made, the law makes it the duty of the Judge to grant an order authorizing the executor to pay the creditors according to his statement or tableau. After such authorization no discretion is left to the executor, he must pay immediately the creditors whose debts or privileges are not contested. He can only retain in his hands a sufficient sum to pay such claims as are in contestation; C. C. 1173, 1174, 1175. In this case, we think, the executor was bound to pay the appellants, on the homologation of his tableau, their proportion of the surplus in his hands after making such reservation. It is true, on the trial of the rule, the executor made a proffer to distribute the funds according to the judgment, provided the creditors would give him a full receipt. But such a conditional proffer did not, in our opinion, afford a legal or equitable excuse for him to withhold the payment of the appellants' claims. We are of opinion he is bound for the payment of interest on the dividends coming to the appellants at the rate of five per cent. from the service of the rule upon him. C. P., Art. 1007; 10 R. R. 479.

It is, therefore, ordered that the judgment of the court below be reversed, that the rule so taken be reinstated and made absolute, the appellee to pay the plaintiffs interest on the dividends to which they are respectively entitled from the 29th of April, 1856, until paid, and the costs of both courts.

MERRICK, C. J., dissenting. I think the executor is not bound to pay the sums proposed to be distributed by his account until the delay for a suspensive appeal has expired. Otherwise, he might be ruined by a suspensive appeal and a reversal of the judgment on an assignment of errors. The delay having expired in this case, and the judgment having become executory, I concur in the decree, although not in the reasoning of the majority of the court in this particular.

Re-hearing refused.